## Miller v. Thompson

C.P. of Lawrence County, no. 11326 of 2005, C.A.

*Deborah A. Shaw,* for plaintiff.
*Frank J. Piatek,* for defendant.

HODGE, *J.,* April 5, 2006—Before the court is the amended complaint for custody filed by the plaintiff, Dixie Miller (Grandmother), a resident of New Castle, Lawrence County, Pennsylvania, against the defendant, Chester Thompson (Father), a resident of Prentice, Wisconsin, formerly a resident of Butler, Butler County, Pennsylvania.

Grandmother is the maternal grandmother of four minor children, [  ], born June 25, 1990, [  ] born July 28, 1991, [  ] born December 22, 1992, and [  ] born October 6, 1994.

Father is the natural father of the minor children. The natural mother of the children is deceased.

Clayton A. Cowan and Wayne M. Cowan (interveners) have intervened in this action as party plaintiffs pursuant to order of this court dated February 10, 2006.

Wayne Cowan is the son of plaintiff Dixie Miller. Wayne Cowan resides with his brother Clayton Cowan,

in Fombelle, Pennsylvania. Wayne and Clayton Cowan are the uncles to the minor children.

On September 2, 2005, Father gave temporary, physical custody of his children to his brother-in-law, Wayne M. Cowan, for the reasons that he was moving out-of-state to be with or around family. The handwritten statement of Father further provided that the only stipulations that are to be followed are that the children are to be properly taken care of and enrolled in school at their new location, and that at any time in the future, and for any reason, Father can terminate this document and reclaim custody of the children. See exhibit B, attached to the amended custody complaint.

Because Wayne and Clayton Cowan did not have room for all four children in their home, Grandmother and uncle interveners decided between themselves, after consultation with the children, that the two boys, [   ] and [   ] would reside with the uncle interveners, and that the two girls, [   ] and [   ] would reside with Grandmother.

Both Grandmother and Wayne Cowan testified that, prior to the children coming to reside with each of them, the family circumstances in Butler, Pennsylvania, were not good, and that the home in which they lived in Butler was a mess, that there were roaches, dirty clothes, dirty dishes, and very little food in the house.

Since the children have come to reside with the uncle interveners and Grandmother, the children have been attending school regularly and appear to be properly cared for.

Father has appeared at the hearings held before this court through his counsel, Attorney Frank Piatek, but has not provided either Grandmother or Wayne Cowan

with any telephone number or address where he resides in the state of Wisconsin, in order to permit the children to contact him. Wayne Cowan testified that he had only one incident of contact from Father since the children have resided with him on September 2, 2005, and on that occasion, Father was more concerned about the Social Security checks for the children as opposed to inquiring about their well-being.

Father has filed an answer to the amended complaint for custody and a counterclaim, pursuant to which Father is requesting primary physical custody of the children.

This case was originally scheduled before this court on February 10, 2006, for a custody conciliation conference on the amended complaint for custody filed by Grandmother, at which time the conference was continued at the request of Father, in that Father had apparently attempted to come from Wisconsin to New Castle, Pennsylvania, but had car trouble. The conference was continued to March 22, 2006. On March 22, 2006, Father did not appear nor did his counsel provide any reason for his non-appearance, notwithstanding the fact that the hearing had been continued at Father's request.

Pursuant to the Grandparents' Custody Act, grandparents have standing in an action for physical and legal custody of a grandchild in the following manner:

"(1) who has genuine care and concern for the child;

"(2) whose relationship with the child began with the consent of a parent of the child or pursuant to an order of court; and

"(3) who for 12 months has assumed the role and responsibilities of the child's parent, providing for the physi-

cal, emotional and social needs of the child, or who assumes the responsibility for a child who has been determined to be a dependent child pursuant to 42 Pa.C.S. 63 (relating to juvenile matters), or who assumes or deems it necessary to assume responsibility for a child who is substantially at risk due to parental abuse, neglect, drug or alcohol abuse or mental illness. The court may issue a temporary order pursuant to this section." 23 Pa.C.S. §5313(b).

From the testimony of Grandmother, it is apparent that she clearly meets the requirements of subsection b(1) and b(2) the Act. As far as subsection b(3), the court finds that Grandmother has assumed the responsibility for a child who is substantially at risk due to parental neglect.

As to the two male minors currently in the custody of the uncle interveners, the question becomes whether the interveners have standing to pursue an action for custody of the children, pursuant to the petition for intervention in the custody action filed by Grandmother against Father.

The courts generally find third-party standing for visitation and custody cases only where the legislature specifically authorizes the cause of action. However, a third party has been permitted to maintain an action for custody where that party stands in loco parentis to the child. See *Gradwell v. Strausser,* 416 Pa. Super. 118, 124, 610 A.2d 999, 1002 (1992).

The phrase "in loco parentis" literally means in the place of a parent, and the phrase refers to a person who puts himself in the situation of a lawful parent by assuming the obligations incident to the parental relationship without going through the formality of a legal adoption.

The status of in loco parentis embodies two ideas. First, the assumption of a parental status, and second, discharge/performance of parental duties. The rights and liabilities arising out of an "in loco parentis" relationship are exactly the same as between natural parent and child. See *Peters v. Costello,* 586 Pa. 102, 891 A.2d 705 (2005).

The court finds that the uncle interveners, Wayne Cowan and Clayton Cowan, have assumed parental status relative to the two male minors since September 2, 2005, and that, in fact, they are also discharging the parental duties.

In addition, the court is mindful of the fundamental proposition pertaining to child custody in the Commonwealth of Pennsylvania, that the ultimate consideration in custody matters is to determine that which is in the best interest of the child, and that such a determination is made on a case by case basis. *Moore v. Moore,* 535 Pa. 18, 634 A.2d 153 (1993). This standard applies to petitions for modification, as well as custody complaints, and requires that the court consider all factors that may legitimately affect the physical, intellectual, moral, and spiritual well-being of the child. *Dranko v. Dranko,* 824 A.2d 1215 (Pa. Super. 2003).

Given the status of the record, namely, (1) that Father did not appear for the hearing held by the court and (2) that there are no facts submitted of record on behalf of Father in order to justify to the court the allegations that the best interest of the children require that Father have custody of the children, the court is not inclined to consider the answer to the custody complaint and counterclaim of the natural father. Therefore, the court will not grant him custody of the minor children at this time.

Accordingly, the court will enter the attached order.

## ORDER

And now, April 5, 2006, upon consideration of the complaint for custody filed by the maternal grandmother, Dixie Miller, through her attorney, Deborah Shaw, Esquire, with the intervention of the uncles, Wayne Cowan and Clayton Cowan, and, following the hearing held and careful review of the evidence presented, the court enters the following order:

(1) Primary physical and legal custody of the minor children, [ ], born June 25, 1990, and [ ], born July 28, 1991, shall be in the maternal grandmother, Dixie Miller.

(2) Primary physical and legal custody of the minor children, [ ], born December 22, 1992 and [ ], born October 6, 1994, shall be in the uncle, Wayne A. Cowan.

(3) The minor children shall not be removed from the jurisdiction of this court, without consent of the parties to this litigation or further order of this court.

(4) Defendant shall be permitted reasonable telephonic communication with the minor children, as the parties may agree, which reasonable telephonic communications shall not be unreasonably withheld in any manner by the plaintiff, Dixie Miller, or intervenor Wayne Cowan.

(5) All provisions of all prior orders of court not in direct conflict or modified by this order shall remain in full force and effect.

(6) The prothonotary shall properly serve notice upon counsel of record and any party not represented by counsel.